UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NEUTRON DEPOT, LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-192 |
| | § | |
| BANKRATE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION DENYING WITHOUT PREJUDICE MOTION FOR SERVICE BY PUBLICATION

Pending is Plaintiffs' first motion for service of Defendant Insurance Depot of America, LLC, by publication (D.E. 86). Because Plaintiffs have not met the requirements for service by publication, the motion is denied without prejudice.

## Applicable Law

Service on a corporation, partnership, or association is governed by FED. R. CIV. P. 4(h). This section of Rule 4 permits service in the matter prescribed by FED. R. CIV. P. 4(e)(1) (service on an individual) or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and by mailing a copy of each to the defendant. FED. R. CIV. P. 4(h)(1). Rule 4(e)(1) permits service according to the state law where the District Court is located or where service is made.

Texas law allows service by publication if a party, his agent or attorney, states under oath that the residence of any party defendant is unknown to the affiant, or that "after due diligence such party and the affiant have been unable to locate the whereabouts

of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so . . . ." TEX. R. CIV. P. 109. "In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service." *Id.*

Plaintiffs have wholly failed to demonstrate any diligence in ascertaining the whereabouts of Defendant Insurance Depot of America, LLC, or serving said Defendant. Plaintiffs state in their complaint that "Insurance Depot of America, LLC ("Insurance Depot America") is a foreign corporation that transacts business within the State of Texas, with its principal place of business at 653 Spinnaker, Weston, Florida 33226" and "may be served with summons and a copy of the complaint by serving Defendant's registered agent for service at his place of business: Allen Will 2325 SW 1-5th Terrace, Davie, Florida 33324" (Amended Complaint, D.E. 55 @ para. 19). Plaintiffs failed to describe the source of this information.

Plaintiffs' process server supplied an affidavit stating that service by certified mail was attempted at 653 Spinnaker, Weston, Florida 33226, on June 13, 2014, but the certified mail was "returned marked as a bad address" (D.E. 86, Exh. A @ p. 2). There is no explanation of the source of the Spinnaker address. There is no explanation of the source for the purported name and address of the registered agent for service and whether and how service was attempted on the registered agent. Plaintiffs' process server further

stated in his affidavit that on October 6, 2014, he performed a "skip trace search" and located an address for the Defendant to be "653 Spinnaker, Weston, Florida 33226," and that the summons sent by Express Mail was again returned as undeliverable (*Id.*). There is no explanation of what the alleged "skip trace search" involved nor a description of any databases searched.

Plaintiffs allege that Defendant is doing business as an insurance company in the states of Texas and Florida, and yet have not supplied any information regarding searches with the Insurance Commissioners (or other appropriate state agencies) for these states, and no information regarding whether or how the laws of Texas or Florida operate to permit an insurance company to do business within their borders or on the internet; nor have Plaintiffs cited to any state law that governs how insurance companies doing business in these states can be served with process.

Accordingly, the motion for service of process by publication (D.E. 86) is denied without prejudice.

ORDERED this 4th day of November, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE