United States District Court
Southern District of Texas
**ENTERED**
June 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NEUTRON DEPOT, LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-192 |
| | § | |
| BANKRATE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING MOTION TO CONSOLIDATE

Pending is Plaintiffs' Motion to Consolidate this case, Civil Action No. 2:14-cv-192, with Civil Action No. 2:15-cv-101 (D.E. 173).  For the reasons discussed more fully below, the motion is DENIED.

## BACKGROUND

Plaintiffs Neutron Depot, LLC and DepoWeb, Inc., engage in the marketing, sale and servicing of insurance related products and services.  In 1993 Plaintiffs filed a federal trademark application with the United States Patent and Trademark Office (USPTO) for "INSURANCE DEPOT" (the Mark).  The Mark is owned by CSi Agency Services, Inc. (CSi) and has been in continuous use with the public as an identifier of a source of goods or services since 1993.  CSi licensed use of the Mark to Plaintiffs together with the right of enforcement and the right to bring suit under the Mark.

On May 27, 2014 Plaintiffs filed this cause of action against multiple Defendants, including Bankrate, Inc., (Bankrate) and All Web Leads, Inc. (AWL).  Plaintiffs alleged that all the Defendants engaged in trademark infringement, unfair competition,

cybersquatting and trademark dilution under the Trademark Act of 1946 and trademark infringement, unfair competition and conspiracy under common law.  Plaintiffs alleged that AWL infringed on Plaintiffs' trademark by diverting or circumnavigating prospective insurance customers from Plaintiffs' websites to AWL's website and made similar allegations against Bankrate and ten other Defendants.  However, Plaintiffs did not allege that Bankrate conspired or acted in concert with AWL or any other named Defendant in the lawsuit.

On October 23, 2014 Bankrate filed an unopposed motion to sever itself from the original lawsuit pursuant to Fed. R. Civ. P. 21 (D.E. 87).  Bankrate pointed out that in Plaintiffs' First Amended Complaint (D.E. 55), Plaintiffs asserted specific instances of conduct attributable to each specific Defendant and did not allege that Bankrate acted in concert with any other Defendant.  Bankrate argued that Plaintiffs' claims against it did not arise from the same transaction, occurrence, or series of transactions or occurrences as the other Defendants and as a matter of Fifth Circuit procedure, it should not be joined with the other Defendants.

An initial conference was held in which the motion to sever was discussed.  All parties were unopposed and on February 26, 2015 the motion to sever was granted (D.E. 110).  A new case file was opened in which Bankrate was the only named Defendant. *Neutron Depot, LLC v. Bankrate, Inc*. No. 2:15-cv-101.  The case has proceeded against Bankrate and a motion to dismiss filed on May 13, 2016 is pending.

On April 11, 2016 Plaintiffs filed a motion to once again consolidate the two causes of action under Civil Action 2:14-cv-192.  Plaintiffs contend that on December 28, 2015 Bankrate sold its insurance business to AWL.  As a result of the sale, Bankrate's records related to its insurance quoting business were transferred to AWL and Bankrate has indicated that it will cooperate with AWL for purposes of the litigation in the new Bankrate cause of action.  Plaintiffs claim that with the sale of the insurance business, both cases now involve the same parties and common issues of law and fact.  They further claim that consolidation would not cause prejudice to any of the parties and would enhance judicial economy.

AWL is opposed to consolidation of the cases and asserts that although AWL purchased several subsidiaries of Bankrate, it did not purchase Bankrate and remains a legally distinct company from Bankrate.  In addition, although AWL purchased some of Bankrate's subsidiaries, it did not assume liability for the actions that are the subject of Plaintiffs' lawsuit against Bankrate (Declaration of Cortney Johnson, Ex. A to Resp. to Mot. to Consolidate, D.E. 175-1).  AWL further asserts that the cases involve different questions of law and fact and consolidating them would be confusing to a fact-finder and would not enhance judicial economy.  Bankrate has not opposed the motion to consolidate (D.E. 136). [1]

---

[1] Plaintiffs represented in their motion to consolidate that Bankrate was unopposed to the consolidation; however, even though Plaintiffs electronically filed their motion with both case headings, Plaintiff failed to file the motion to consolidate in Cause No. 15cv101. For purposes of resolving this motion, the Court will treat the motion as unopposed on the part of Bankrate, and will assume that Bankrate received notice of the motion, but a

## APPLICABLE LAW

Pursuant to Fed. R. Civ. P. 42(a), if actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions, consolidate the actions, or issue any other orders to avoid unnecessary cost or delay.  The power of the district court to consolidate is purely discretionary and the district court may order consolidation despite the opposition of the parties.  *St. Bernard General Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).  Factors considered by a court in ruling on a motion to consolidate include (1) whether the cases are in the same court; (2) common parties; (3) common questions of law or fact; (4) risk of prejudice or confusion versus risk of inconsistent adjudications; and (5) judicial economy.  *Parker v. Hyperdynamics Corp.*, 126 F.Supp.3d 830, 835 (S.D. Tex. 2015); *Pfeffer v. HSA Retail, Inc.*, No. SA-11-CV-959-XR, 2012 WL 394645 at *1 (W.D. Tex. 2012).

Consolidation is permitted as a matter of convenience and economy, but does not merge the suits in a single cause or change the rights of the parties.  *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 394 (5th Cir. 2004)(citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 497-97 (1933)).  Actions maintain their separate identities and consolidation does not cause one civil action to merge from two.  *Id.* (citing *McKenzie v. U.S.*, 678 F.2d 571, 574 (5th Cir. 1982).  Each action requires the entry of a separate judgment.  *Id.* (citing *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)).

---

separate opinion will not be filed in the Bankrate case (15cv101) because there is no motion to consolidate filed in that case.

In this case, the two cases are filed in the same court, so that factor weighs in favor of consolidation, although not heavily because it is common to many cases.  Although the Plaintiffs are the same in both cases, the Defendants are different entities, even though AWL purchased some of Bankrate's subsidiaries.   That factor weighs against consolidation.  There are common questions of law, or at least overlapping questions of law, because both cases involve allegations of trademark infringement, unfair competition, cybersquatting, and trademark dilution and infringement.   That factor weighs in favor of consolidation.

Common issues of fact do not exist between the cases because Plaintiffs have made specific factual allegations against each Defendant.  Plaintiffs allege that Bankrate markets and sells insurance and related products and services and has infringed on Plaintiffs' Mark by creating website advertisements that divert business away from Plaintiffs' websites and direct it to Bankrate's websites.  Plaintiffs allege that Bankrate copies Plaintiffs' Mark verbatim to willfully create confusion and steal business generated by Plaintiffs' Mark  (D.E. 114 in 2:15-cv-101).

Plaintiffs assert that AWL is a customer acquisition marketing business which has the goal of attracting, engaging and qualifying prospective customers for insurance agents, brokers and carriers.   AWL helps its agents, brokers and carriers acquire customers by providing leads and calls with customers who are actively looking for insurance.  Plaintiffs allege that AWL created landing pages online that displayed the Mark and led consumers to believe that AWL was actually Plaintiff Neutron Depot or one of its affiliates (D.E. 169 at pp. 4-6).  Plaintiffs do not assert that AWL and Bankrate

worked together to divert business from Plaintiffs.  Nor do they assert that AWL and Bankrate mutually profited from each other's alleged infringement.

When Bankrate filed its unopposed motion to sever, it alleged that Plaintiffs' claims against it did not arise out of the same transaction, occurrence, or series of transactions or occurrences and that the evidence presented at trial would be unique for Bankrate.  In addition, Bankrate asserted that trying it alongside the ten other Defendants who were at that time a part of the case would result in days of unrelated testimony, hundreds of unrelated documents, procedural headaches, confusion to jurors, an unnecessarily long trial and significantly increased legal expenses for Bankrate.  In addition, Bankrate anticipated that it would need an enlarged discovery period to allow it to conduct international discovery (D.E. 87 in 2:15-cv-101).

Although there are no longer ten other Defendants in this case, it remains uncontested that Plaintiffs' claims against Bankrate did not arise out of the same transactions as those of AWL. The other factors cited by Bankrate in the motion to sever also remain unchanged.  Accordingly, the lack of common issues of fact weighs heavily against consolidation of the cases.

When the risk of prejudice or confusion is weighed against the risk of inconsistent adjudications, prejudice and confusion are the more likely result, especially in light of the fact that AWL has now acquired some of Bankrate's subsidiaries.  That fact alone has the potential to confuse a jury regarding the liability of the two Defendants.

Finally, the issue of judicial economy is neutral under these circumstances.  Even if the cases were tried together, the Defendants will be seeking separate discovery and

filing separate dispositive motions and separate judgments will have to be entered for each case.  It is unclear how consolidating these cases would result in increased judicial economy.

When the relevant factors are considered together, such factors weigh against consolidating the two cases.  Accordingly, Plaintiffs' motion to consolidate (D.E. 173) is DENIED.

ORDERED this 29th day of June, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE